1 | EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
2 | DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
3 | WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
4 | Redwood Shores, CA 94065
Telephone: (650) 802-3000
5 | Facsimile: (650) 802-3100

6 | *Attorneys for Plaintiff,*
INVITAE CORPORATION.

7

8 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9 | **SAN JOSE DIVISION**

10

11 | INVITAE CORPORATION,

12 |            Plaintiff,

13 |      v.

14 | NATERA, INC.,

            Defendant.

15

16 | INVITAE CORPORATION,

            Plaintiff,

17 |      v.

18 | NATERA, INC.,

19 |            Defendant.

20

Misc. Case No.: 5:22-mc-80281

[Related to Pending Action in the United States District Court for the United States District Court of Delaware Case Nos: 21-cv-669-GBW and 21-cv-1635-GBW]

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY FROM THIRD PARTY SENTIEON, INC.**

Date:
Time:
Place:
Judge:

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ......................................................................................................... 1

II. BACKGROUND ........................................................................................................... 2

    A. The Delaware Litigation Between Invitae And Natera.................................... 2

    B. The Sentieon Subpoenas ................................................................................ 4

III. LEGAL STANDARD .................................................................................................... 6

IV. ARGUMENT ................................................................................................................ 6

    A. Sentieon Should Be Ordered To Produce The Source Code For Its DNAseq And TNseq Software........................................................................................... 6

    B. Sentieon's Stated Reasons For Refusing To Produce Source Code Are Without Merit................................................................................................................ 7

    C. Sentieon Should Be Ordered To Produce A Witness To Testify................................ 9

V. CONCLUSION ............................................................................................................ 10

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Cabell v. Zorro Prods. Inc.*,
   No. 15-CV-00771-EJD (VKD), 2018 WL 3023343 (N.D. Cal. June 18, 2018) ............................... 9

5

6

*eDirect Publ'g, Inc. v. LiveCareer, Ltd.*,
   No. C 14-80125 WHA, 2014 WL 2527401 (N.D. Cal. June 4, 2014) ............................................ 7, 8

7

8

*Gotham Holdings, LP v. Health Grades, Inc.*,
   580 F.3d 664 (7th Cir. 2009) ...................................................................................................... 8

9

*Kilopass Tech. Inc. v. Sidense Corp.*,
   No. C 10-02066 SI, 2011 WL 2470493 (N.D. Cal. June 21, 2011) ................................................... 6

10

11

*Optimize Tech. Sols., LLC. v. Staples, Inc.*,
   No. 14-mc-80095-LHK(HRL), 2014 WL 1477651 (N.D. Cal. Apr. 14, 2014) ............................. 7, 9

12

13

*Secured Mail Solutions LLC v. Advanced Image Direct LLC et al.*,
   No. 1:13-cv-00873, ECF No. 155 (N.D. Ill. Sep. 30, 2013) ................................................................ 8

14

**Statutes**

15

Civil L.R. 37-2 ......................................................................................................................................... 6

16

Fed. R. Civ. P. 26(b) ............................................................................................................................ 6, 9

17

Fed. R. Civ. P. 26(b)(1) .......................................................................................................................... 6

18

Fed. R. Civ. P. 45 .................................................................................................................................... 9

19

Fed. R. Civ. P. 45(a)(1) .......................................................................................................................... 6

20

Fed. R. Civ. P. 45(a)(1)(A)(iii) .............................................................................................................. 9

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

TO DEFENDANT AND NON-PARTY INDIVIDUAL SENTIEON INC. AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on _____, at _____, or as soon thereafter as the matter may be heard, at _____, Plaintiff Invitae Corporation ("Invitae") will and hereby does move for an order compelling the production of documents and the deposition of a properly prepared witness from non-party Sentieon Inc. ("Sentieon").

This motion is made pursuant to Fed. R. Civ. P. 45 & 37 on the grounds that the documents and things requested in Request for Production No. 5 of the April 25, 2022 Document Subpoena are not privileged, are relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence, and were not justifiably provided despite multiple efforts to resolve this dispute informally.  Moreover, Invitae is entitled to a witness to testify about all topics listed in the April 25, 2022 Deposition Subpoena, as such testimony is highly relevant.

This Motion is based on this Notice of Motion and Motion to Compel Discovery, the supporting Memorandum of Points and Authorities, the Declaration of Derek C. Walter, including its exhibits, all pleadings and records on file in this action, any other matter of which the Court may take judicial notice, and any other written and oral argument and authorities that may be presented to the Court on this matter.

### RELIEF REQUESTED

This Motion seeks an Order from the Court compelling Sentieon to (1) produce the source code of Sentieon's DNAseq and TNseq software within 7 days of the Court's Order and (2) to designate a witness to testify about all the topics listed in the April 25, 2022 Deposition Subpoena.

### INVITAE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(l)

In accordance with Civil L.R. 37-1(a), Plaintiff Invitae Corporation's counsel has conferred with counsel for nonparty Sentieon Inc. about the subpoenas at issue.  After multiple attempts to resolve all disputed issues, the parties have been unable to reach agreement.  Invitae Corporation respectfully submits that further meeting and conferring would be futile.

1   Date:  October 25, 2022                    Respectfully submitted,

2                                                  _/s/ Edward R. Reines_
                                               EDWARD R. REINES (Bar No. 135960)
3                                              DEREK C. WALTER (Bar No. 246322)
                                               edward.reines@weil.com
4                                              derek.walter@weil.com

5                                              *Attorneys for Plaintiff*
                                               INVITAE CORPORATION
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**</u>

**I.    INTRODUCTION**

This is a miscellaneous action related to subpoenas served on third party Sentieon, a San Jose company engaged in the business of developing software for the analysis of genetic data obtained from DNA sequencing instruments.  The subpoenas relate to a patent infringement litigation in the District of Delaware, where Invitae sued Defendant Natera, Inc. ("Natera"), alleging infringement of three patents by Natera's Signatera product, which is a DNA sequencing-based cancer testing system.  The instant motion seeking to compel discovery from Sentieon is not one that Invitae pursues lightly, but is rather a step that Invitae takes only in view of the importance of the requested discovery and after exhausting all reasonable alternatives.

The facts necessitating the instant motion are straightforward.  As Invitae's Delaware litigation against Natera unfolded and the time came for Natera to produce documents regarding the design and operation of its Signatera product, Natera surprisingly produced almost nothing.   Natera instead unexpectedly asserted that it had *no information* regarding the relevant aspects of its product because they were based on software that Natera licensed from Sentieon.  Natera alleged that it did not have the source code, schematics, or even a manual for the Sentieon software.  Skeptical that Natera was truly so bereft of information, Invitae filed a motion to compel in Delaware.  Yet, the Delaware Court denied Invitae's motion in view of Natera's ongoing representations that it had *no relevant information*.  Ex. 1.  According to Natera, Invitae's request for further information was "like asking an iPhone user to produce the core technical documents showing how the phone's waterproofing systems work."  Ex. 2 at 1.

Accordingly, Invitae had no choice but to subpoena Sentieon in California.  After Sentieon missed the deadline to respond to the subpoena and was granted an extension, the parties held several meet and confers, where Sentieon purported to genuinely understand the unusual circumstances and promised to make a good faith production responsive to the subpoena.  Yet, to date, Sentieon has only produced 21 documents, which give only a high-level of description of the software and includes language subject to multiple interpretations.  Sentieon refused to produce the underlying source code, alleging that it was highly sensitive and too burdensome to produce.  Sentieon, however, has never

1    identified any particular burden, nor has it suggested that the Delaware protective order would not

2    protect the confidentiality of its source code.

3    Nevertheless, as an alternative to source code, Invitae agreed to then consider accepting a

4    declaration from a Sentieon witness detailing the design and operation of Sentieon's software.  Invitae

5    then worked diligently to help prepare the declaration and circulated the draft to both Natera and

6    Sentieon.  Natera, however, made clear that it would oppose the use of the declaration at trial on

7    evidentiary bases.  Sentieon, for its part, then maintained its refusal to make its source code available

8    for review or provide a deposition witness, alleging that it was too burdensome, particularly as a third

9    party to the litigation.  Yet, Sentieon's protestations that is bystander third-party that should not be

10   asked to provide a little bit of discovery should be viewed with a grain of salt.  Indeed, Sentieon is in

11   privity with Delaware; it is a beneficiary of Natera's ongoing infringement as it receives licensing fees

12   from Natera for the use of Sentieon's software.

13   Despite best and exhaustive efforts to resolve the dispute without Court intervention, Invitae has

14   been unable to obtain the highly relevant discovery regarding the core functionality of the products that

15   are accused of infringing in Delaware.  For the reasons stated herein, this Court should now compel

16   discovery of the source code underlying the Sentieon software that is used in Natera's products and

17   order a Sentieon witness to testify.

18   **II.    BACKGROUND**

19   **A.    The Delaware Litigation Between Invitae And Natera**

20   Plaintiff Invitae is a leading medical genetics company whose mission is to bring comprehensive

21   genetic information into mainstream medicine to improve healthcare for billions of people. Invitae's

22   goal is to aggregate the world's genetic tests into a single service with higher quality, faster turnaround

23   time, and lower prices. Ex. 3 ¶ 4. Defendant Natera provides a non-invasive test for cancer recurrence

24   in cancer patients that it markets under the tradename Signatera.  *Id.* ¶ 5.  Non-party Sentieon is a

25   company that develops and supplies bioinformatics and computer tools to process genomics data. Ex.

26   4.

27   Invitae is the owner of U.S. Patent Nos. 10,604,799 (Ex. 5), 11,149,308 (Ex. 6), and 11,155,863

28   (Ex. 7).  These patents pertain to methods for analyzing and assembling genetic sequences obtained

from DNA sequencing instruments.  Among other things, Invitae's patents claim a series of steps to analyze and assemble sequence information:

> inputting a reference genome and said plurality of sequence reads into a computer system comprising a processor coupled to a non-transitory memory to perform the steps of:
>
> assembling a contig from at least some of the plurality of sequence reads;
>
> identifying a plurality of contig:reference descriptions of mutations by aligning the contig to said reference genome;
>
> identifying a plurality of read:contig descriptions by aligning each of the plurality of sequence reads to the contig; and
>
> combining the contig:reference descriptions with the read:contig descriptions to produce read:reference descriptions to map positional information of mutations found in the individual reads relative to the reference.

Ex. 5 (the '799 patent) at 26:56-27:5; *see also* Ex. 6 (the '308 patent) at 26:59-27:27, Ex. 7 (the '863 patent) at 27:15-38.  Invitae asserted these patents against Defendant Natera alleging infringement by its Signatera product in the District of Delaware. Ex. 3 ¶ 21, Ex. 8 ¶¶ 26, 28.  Invitae has specifically identified Signatera's sequence analysis and assembly process as practicing the claim elements. Ex. 3 ¶ 21, Ex. 8 ¶¶ 26, 28, Ex. 9-11.

In the Delaware litigation, however, Natera failed to produce any technical documents explaining how the sequence analysis and assembly process in its products work, asserting that it does not have such information because the sequence assembly process used in its products was based on software that it licensed from Sentieon.  Skeptical that Natera had no further information, Invitae sought an order from the District of Delaware compelling Natera to produce core technical documents relating to the sequence analysis and assembly process used in Signatera.  Ex. 12.

In opposing Invitae's motion, Natera asserted that it licenses and uses Sentieon's software to analyze and assemble genetic sequences in Signatera and that the "infringement issues in this case will turn on whether Sentieon's software practices the claimed steps of the patents in suit."  Yet, at the same time, Natera asserted that "it does not have the source code, schematics, or even a manual for software that Natera merely licenses in completed form" from Sentieon.  Ex. 2 at 1.  According to Natera, Invitae's request for further information was "like asking an iPhone user to produce the core technical documents showing how the phone's waterproofing systems work."  *Id*.  Accepting Natera's representations, Judge Connolly in the District of Delaware denied Invitae's motion to compel.  Ex. 1.

Hence, Invitae had no option but to seek relevant technical documents from Sentieon, the actual developer of the software at issue. Based on its investigation, Invitae understands that Natera specifically uses Sentieon's DNAseq and TNseq software in its Signatera product. Therefore, how Sentieon's DNAseq and TNseq software operates is directly relevant to infringement. Accordingly, on April 25, 2022, Invitae served two subpoenas on Sentieon, in part seeking documents and testimony relating to the design and operation of its DNAseq and TNseq software.

### B.    The Sentieon Subpoenas

Invitae served two subpoenas on Sentieon; one requesting documents and one requesting deposition testimony. *See* Exs. 13 and 14. The document subpoena requested documents, including source code, relating to the design, operation, and functionality of Sentieon software and documents relating to any agreements and communications between Sentieon and Natera. The deposition subpoena requested deposition testimony on topics relating to the source code. Specifically, the deposition subpoena requested a deponent to testify regarding technical topics surrounding the operation of Sentieon software and damages-related topics on agreements and communications between Sentieon and Natera.

After serving the subpoena, Sentieon missed its response deadline, at which point Invitae granted Sentieon an extension as a matter of professional courtesy. The extension was conditioned upon Sentieon's representation that it would produce documents in good faith. *See* Ex. 15. In response to the document subpoena, however, Sentieon served extensive objections drastically limiting the scope of what it agreed to produce. *See* Exs. 16 and 17; Ex. 18 at 10-11 (B. Zhang 06/09/2022 email). Subsequently, Sentieon produced a total of only 14 documents. This meager production was far less than the scope Sentieon had promised during meet and confer. *See* Ex. 18 at 9 (B. Zhang 06/23/2022 email).

After multiple emails, Sentieon agreed to make a supplemental production, at which point it produced a mere seven additional documents. Thus, in total, Sentieon has produced only 21 documents in response to Invitae's subpoena, the scope of which are summarized below:

- 8 are communications and licenses between Sentieon and Natera
- 7 are publicly available documents provided by the Broad Institute about its open source GATK software

- 4 are publicly available scientific journal articles mentioning Sentieon's software
- 1 is Sentieon's "products" webpage
- 1 is Sentieon's document provided to its customers to "help [customers] determine how to convert [their] existing pipelines to using Sentieon."

Notably, in connection with the production above, Sentieon's attorneys asserted in email correspondence that its software operated according to the same principles as a software package known as GATK, which freely available from the Broad Institute. *See* Ex. 18 at 5-7 (B. Williamson 07/01/2022 email). This is supposedly why Sentieon produced a handful of publicly available documents related to this software. Counsel for Sentieon further represented in an email that "Sentieon has not separately created any documents explaining how [DNAseq and TNseq] work." *Id.* at 6.

In an effort to avoid further court intervention, and as an alternative to reviewing Sentieon's source code, Invitae agreed to consider a proposal by Sentieon pursuant to which a Sentieon witness would sign a declaration attesting to the design and operation of the Sentieon software. Ex. 18 at 1-2 (D. O'Boyle 07/15/2022 email). In particular, Sentieon proposed a declaration that connected Sentieon's software to corresponding aspects of the open source GATK software. As such, Invitae's agreement to consider the use of a declaration was based on Sentieon's repeated representation that its DNAseq and TNseq use the same methods and mathematics as Broad Institute's open source GATK software. *Id.*

Invitae then worked diligently with its expert witness to analyze the source code of the GATK software and prepare a detailed draft declaration regarding the Sentieon software vis-à-vis the GATK source code that might be sufficient for the purposes of litigation. Ex. 19 at 2-3 (Y. Zhang 09/29/2022 email). In particular, the declaration needed to include element-by-element infringement support for each of the relevant parts of the asserted claims. *See* Ex. 20. Upon completing the draft declaration and circulating it to both Sentieon and Natera for review, however, Natera quickly confirmed that it opposed the use of the declaration at trial for reasons, including hearsay. With Natera's opposition, the possibility of a declaration as a substitute for actual discovery of Sentieon's source code was no longer tenable. Ex. 19 at 1-2 (Y. Zhang 10/18/2022 email).

Accordingly, Invitae notified Sentieon that it would, in fact, need to review the source code for the Sentieon DNAseq and TNseq software. Sentieon, however, again refused to produce the source

1    code, broadly alleging Invitae's request imposes undue burden and expense without any support.  Ex.

2    19 at 1 (D. O'Boyle October 18, 2022 email).  With respect to the deposition subpoena, Sentieon

3    likewise refused to provide a witness, again alleging undue burden and expense.  *Id*.  In addition, for

4    Topic 8 of the deposition subpoena regarding source code, Sentieon refused to provide a witness based

5    on the alleged confidentiality of its source code.

6    ## III.    LEGAL STANDARD

7            Pursuant to Rule 45(a)(1), any party may serve a subpoena commanding a nonparty "produce

8    designated documents, electronically stored information, or tangible things in that person's possession,

9    custody, or control."  Fed. R. Civ. P. 45(a)(1).  "The subpoena is subject to the relevance requirements

10   set forth in Fed. R. Civ. P. 26(b)."  *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2011 WL

11   2470493, at *1 (N.D. Cal. June 21, 2011) (internal citation omitted).  "Thus, the subpoena may

12   command the production of documents and tangible things which are 'not privileged' and are 'relevant

13   to the subject matter,' whether they would be 'admissible at the trial' or 'reasonably calculated to lead

14   to the discovery of admissible evidence.'"  *Id*. (citing Fed. R. Civ. P. 26(b)(1)).

15   ## IV.    ARGUMENT

16           Pursuant to Civil L.R. 37-2, Invitae seeks to compel (1) production of source code pursuant to

17   Request for Production No. 5 and (2) the deposition testimony of a witness reasonably prepared to

18   testify on the topics in Invitae's deposition subpoena.  Attached hereto as Exs. 16-17 are Invitae's

19   document requests and deposition topics and Sentieon's objections thereto.

20   ### A.    Sentieon Should Be Ordered To Produce The Source Code For Its DNAseq And TNseq Software

21           A nonparty subpoena may command the production of documents that are not privileged and

22   are relevant to the subject matter.  *See Kilopass Tech.*, 2011 WL 2470493, at *1.  Here, there is no basis

23   for Sentieon to refuse production of its source code, which, as documented above, Invitae seeks only

24   after exhausting all alternative forms of relief.

25           The Sentieon source code for the DNAseq and TNseq products is highly relevant and material

26   to infringement—a key issue in the Invitae-Natera litigation.  Invitae has accused Natera of infringing

27   the asserted patents through its Signatera product.  In particular, the asserted patents claim a series of

28   steps to analyze and assemble sequence reads.  *See* Ex. 5 (the '799 patent) at 26:56-27:5, Ex. 6 (the

'308 patent) at 26:59-27:27, Ex. 7 (the '863 patent) at 27:15-38.  Invitae has identified the sequence analysis and assembly process used in Signatera as practicing these steps.  Natera maintains—and Sentieon does not contest—that the accused Signatera uses Sentieon's DNAseq and TNseq for the sequence analysis and assembly process.  Indeed, Natera, which licenses the software at issue from Sentieon, has stated in Delaware that "the infringement issues here are likely to turn on the details of Sentieon's software code."  Ex. 2 at 3.  Likewise, Sentieon's counsel has confirmed that Sentieon has not separately created any documents explaining how DNAseq and TNseq work.  *See* Ex. 18 at 6 (B. Williamson 07/01/2022 email).

Importantly, Invitae has narrowly tailored its requests in the document subpoena to only the source code of DNAseq and TNseq, which are actually used by Natera in the accused Signatera product for the very relevant functions—sequence analysis and assembly.  Invitae obviously does not have a need for and does not request all Sentieon's source code.

Under circumstances, similar to those at issue here, Courts in this district regularly compel production of source code.  *See, e.g.*, *eDirect Publ'g, Inc. v. LiveCareer, Ltd.*, No. C 14-80125 WHA, 2014 WL 2527401, at *2–3 (N.D. Cal. June 4, 2014) (the Court compelled the nonparty to produce source code that was relevant prior art and there was a protective order in place); *Optimize Tech. Sols., LLC. v. Staples, Inc.*, No. 14-mc-80095-LHK(HRL), 2014 WL 1477651, at *1–2 (N.D. Cal. Apr. 14, 2014) (the nonparty was ordered to produce source code and provide a deponent on certain topics because the source code was relevant to infringement as the defendant allegedly used the nonparty's product in an infringing manner).

**B.    Sentieon's Stated Reasons For Refusing To Produce Source Code Are Without Merit**

Sentieon has identified three reasons why it should supposedly not be required to produce its source code.  None of these reasons have merit.

First, Sentieon asserts that its source code is secret and confidential.  Invitae, of course, respects Sentieon's concerns about the security of its source code and has thus shared the protective order in the Delaware litigation with Sentieon. Ex. 21 at 1 (B. Zhang 05/23/2022 email).  This protective order duly protects Sentieon's source code with special procedures for the production and review of source code. Ex. 22 (Protective Order) § XI.  Sentieon has not raised any concerns about the protective measures in

1    the Protective Order nor suggested any further protections it deems necessary.  Sentieon's preference

2    for total secrecy does not create a legal bar to disclosure.  *See Secured Mail Solutions LLC v. Advanced*

3    *Image Direct LLC et al.*, No. 1:13-cv-00873, ECF No. 155 at 2 (N.D. Ill. Sep. 30, 2013) (citing *Gotham*

4    *Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009)); *see also id*. at 4–5 (the Court

5    compelled the nonparty to produce source code after finding that (1) the source code was highly relevant

6    and necessary to Plaintiff's infringement claims, (2) Plaintiff's requests were narrowly tailored, and (3)

7    a restrictive protective order could maintain the confidentiality of the source code).

8         Second, Sentieon broadly asserts that Invitae's request for source code is unduly burdensome

9    and expensive.  Ex. 19 at 1 (D. O'Boyle 10/18/2022 email).  Sentieon, however, has not identified any

10   concrete bases for burden or expense other than claiming it is a small company and the source code is

11   important to its business.  Ex. 18 at 1-2 (D. O'Boyle 07/15/2022 email).  But, as documented above,

12   the Protective Order duly protects Sentieon's source code.  Likewise, Sentieon does not face any burden,

13   financial or otherwise, in producing its own source code that is readily available.  As a matter of pure

14   commonsense, there is no financial burden associated with simply copying source code on to a computer

15   so that it may be reviewed.  If anything, this represents among the least burdensome and costly forms

16   of discovery.

17        While Sentieon has alleged that it is a third party deserving of some sort of heightened protection

18   from discovery, Sentieon is in privity with Natera.  Indeed, Sentieon has received licensing fees from

19   Natera so that Natera can use Sentieon's software in its infringing Signatera product.  Receiving an

20   ongoing benefit from Natera's infringement, Sentieon should not be shielded from having to produce a

21   small amount of discovery and its unsubstantiated complaints about burden merit no weight.  *See*

22   *eDirect Publ'g*, at *3 (the Court rejected the nonparty's argument that its software was proprietary and

23   the independent expert could misuse the source code as constituting concrete undue burden).

24        Finally, Sentieon contends that it should not have to produce its source code because, according

25   to its attorneys and some of its documents, the Sentieon software allegedly operates according to the

26   same principles and methods as the Broad Institute's open source GATK software.  Therefore, Sentieon

27   believes, Invitae should just rely on GATK source code to prove infringement, not Sentieon's software

28   that is actually used in the Natera product.  It may well be true that the Sentieon software operates

according to the same principles as the GATK software, and Invitae does not contend that Sentieon's attorneys are acting in bad faith in making assertions to this effect.  Yet, the representations of Sentieon's counsel regarding the design and operation of Sentieon's software are not evidence that Invitae can rely upon at trial.  Likewise, even if Sentieon's documents suggest that the Sentieon algorithms are the same as those in the GATK software, Natera still may attempt a meritless argument that Invitae has failed to meet its burden of proving infringement in Delaware absent discovery from Sentieon.  The modest discovery that Invitae seeks from Sentieon is warranted in such circumstances.

### C.    Sentieon Should Be Ordered To Produce A Witness To Testify

Rule 45 provides that a party may command a non-party to testify at a deposition.  *Cabell v. Zorro Prods. Inc.*, No. 15-CV-00771-EJD (VKD), 2018 WL 3023343, at *2 (N.D. Cal. June 18, 2018) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)).  "The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b)."  *Id.* (internal citations omitted).

Invitae's deposition subpoena seeks a Sentieon witness to provide testimony relating to two general categories of topics: (1) technical topics surrounding the operation of Sentieon software and (2) damages-related topics on agreements and communications between Sentieon and Natera, including license agreements that establish how much Natera pays to use the infringing technology.  These topics are undisputedly highly relevant to infringement and damages.  Given the typical complexity of source code, a witness is particularly important so that Invitae can confirm its understanding of how the Sentieon software works and/or fill gaps in what it is able to glean from review.

Sentieon has not contested the relevance of the deposition topics during meet and confer.  Rather, it asserted, again without concrete bases, that the deposition places undue burden and expense on itself.  Ex. 19 at 1 (D. O'Boyle October 18, 2022 email).  A deposition, however, is hardly burdensome.  As a software development company, Sentieon should be easily able to designate a witness to testify about the design and operation of its *own* software.  Likewise, as a party to the Sentieon-Natera licensing agreements, Sentieon should be easily able to designate a witness to testify about agreements and communications between the two companies.  Courts in this district routinely order depositions of nonparties for such purposes.  *See, e.g.*, *Optimize Tech.*, at *3; *Cabell v. Zorro Prods. Inc.*, at *3.

Additionally, with respect to Topic 8 on source code, Sentieon also refused to provide a witness because of the alleged secrecy and confidentiality of the source code. This issue is briefed under Section IV.A. Accordingly, Invitae respectfully asks the Court to compel Sentieon to produce the source code of its DNAseq and TNseq software and designate a witness to testify about the source code together with other deposition topics.

**V.   CONCLUSION**

Invitae moves the Court to issue an Order compelling Sentieon to (1) immediately produce the source code for Sentieon's DNAseq and TNseq software and (2) to designate a witness to testify on the topics in Invitae's deposition subpoena.

1 | Date:  October 25, 2022

Respectfully submitted,

 _/s/ Edward R. Reines_
EDWARD R. REINES (Bar No. 135960)
DEREK C. WALTER (Bar No. 246322)
edward.reines@weil.com
derek.walter@weil.com

*Attorneys for Plaintiff*
INVITAE CORPORATION