UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: SUBPOENA TO THIRD PARTY SENTIEON, INC. | Case No. 22-mc-80281-VKD<br><br>**ORDER GRANTING INVITAE'S MOTION TO COMPEL SENTIEON'S COMPLIANCE WITH SUBPOENAS**<br><br>Re: Dkt. No. 1 |

In this miscellaneous action, Invitae Corporation ("Invitae") moves to compel Sentieon, Inc.'s ("Sentieon") compliance with subpoenas for documents and testimony in connection with a patent infringement action between Invitae and Natera, Inc. ("Natera") in the District of Delaware, *Invitae Corp. v. Natera, Inc.,* Nos. 21-669-CFC and 21-1635-CFC (D. Del.). Dkt. No. 1. The Court held a hearing on the motion on December 6, 2022. Having considered the parties' briefing and the arguments presented at the hearing, the Court grants Invitae's motion to compel as set forth below.

I.  **BACKGROUND**

Invitae seeks an order compelling Sentieon to produce for inspection a representative version (e.g., the most current version) of its DNAseq and TNseq products.[1] In addition, Invitae seeks an order compelling Sentieon to produce a corporate representative or representatives to testify regarding the following topics:

---

[1] Invitae's motion asks the Court to order Sentieon to produce documents responsive to RFP No. 5 (*see* Dkt. No. 1 at 6, Ex. 13), but at the hearing Invitae represented that, at least for now, it would accept this more limited production.

1. Differences and similarities between Sentieon products and GATK, HaplotypeCaller, or MuTect2.
2. Any contract, agreement, or other understanding between Sentieon and Natera.
3. The design and operation of TNseq and DNAseq.
4. Communications with Natera regarding any Sentieon products.
5. Knowledge of all documents and things provided to Natera by Sentieon regarding how Sentieon products function.
6. How Sentieon used GATK, HaplotypeCaller, or MuTect2 in the development of its products.
7. The design and operation of any Sentieon software provided to Natera and/or licensed by Natera.
8. Source code for any Sentieon software provided to Natera and/or licensed by Natera.

*Id.* at 9, Ex. 14. At the hearing, Invitae represented it is prepared to limit its deposition of Sentieon to the DNAseq and TNseq products for topics that refer more broadly to "Sentieon products" or "Sentieon software."

## II.    LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties. The scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm's note (1970); Fed. R. Civ. P. 34(a)). Rule 26 permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court must limit the frequency or extent of discovery if it determines that: "(i) the

1  discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other
2  source that is more convenient, less burdensome, or less expensive; (ii) the party seeking
3  discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)
4  the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.
5  26(b)(2)(C).  Rule 45 further provides that "the court for the district where compliance is required
6  must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires
7  a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure
8  of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person
9  to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).

10       Where a subpoena requires a person to disclose a trade secret or other confidential
11 information, the court may protect such person by quashing or modifying the subpoena, or by
12 ordering compliance under specified conditions, if the subpoenaing party shows a "substantial
13 need" for the information that cannot be otherwise met without undue hardship.  Fed. R. Civ. P.
14 45(d)(3)(C); *see also* Fed. R. Civ. P. 45(d)(3)(B).

## III. DISCUSSION

### A. Source Code

17       Invitae has demonstrated that it requires discovery of a representative version of the source
18 code for Sentieon's DNAseq and TNseq products that are used by Natera in the accused Signatera
19 product.  It is undisputed that the instrumentality that performs the accused sequence analysis and
20 assembly process is found in Sentieon's DNAseq and TNseq products and that Natera, the accused
21 infringer, does not have detailed information about those products.  The discovery is therefore
22 relevant to Invitae's infringement claims, and is not available from a party.

23       Invitae and Sentieon dispute whether the documents Sentieon has already produced are
24 sufficient for purposes of establishing an evidentiary basis for Invitae's infringement contentions.
25 Specifically, Sentieon contends that Invitae may rely on representations that the DNAseq and
26 TNseq products have the same functionality as the open-source GATK software developed by the
27 Broad Institute, and that Sentieon's optimized products do not differ in any meaningful way from
28 the corresponding open-source software.  The Court disagrees.  Even if Invitae were able to

1    sustain its burden of proof on infringement through expert testimony relying on hearsay statements
2    regarding the DNAseq and TNseq products, such a showing would hardly be persuasive if Invitae
3    has no admissible evidence of how those products actually function.  Invitae has shown not only
4    that the discovery it seeks from Sentieon is relevant, but also that it has a substantial need for its
5    production.
6        Sentieon argues that it should not be required to provide source code for the DNAseq and
7    TNseq products because that source code is trade secret material and highly confidential.  Invitae
8    concedes that the source code is trade secret material, but it argues that the protective order
9    entered in the underlying litigation includes procedures that are adequate to protect Sentieon's
10   interests.  The Court agrees with Invitae that the protective order provides sufficient protections
11   for Sentieon's source code.  As Sentieon explains: "The only differences in how DNAseq and
12   TNseq operate compared to their open-source counterparts pertain not to the underlying
13   mathematical approach, but rather to optimizations that improve software performance.  These
14   optimizations include using C/C++ programming (as opposed to Java used in GATK software),
15   better parallelization of multi-cores in a CPU, and more efficient computing algorithms."  Dkt.
16   No. 7 at 5.  Invitae confirmed at the hearing that it has no interest in, and does not seek discovery
17   of, Sentieon's performance optimization algorithms or other performance-enhancing
18   programming.  Rather, it seeks to confirm that the accused functionality—sequence analysis and
19   assembly process—in the DNAseq and TNseq products is the same as in the corresponding open-
20   source GATK software.  While Invitae's inspection of Sentieon's source code might involve
21   exposing some irrelevant portions of the code, the Court understands that Invitae will not
22   investigate or print excerpts of those irrelevant portions of the source code.  For these reasons, the
23   Court concludes that Sentieon will not face an undue burden if required to produce the DNAseq
24   and TNseq source code pursuant to the protections provided in the protective order.
25       Sentieon argues that production of the source code for even one version of the DNAseq
26   and TNseq products is unduly burdensome because it would require several weeks to identify the
27   source code for review.  For this assertion, Sentieon relies on the declaration of its CEO, Jun Ye.
28   Dkt. No. 9.  The Court has carefully reviewed Dr. Ye's declaration.  The "several weeks" estimate,

which is stated in paragraph 19 of the declaration, appears to be based on the assumption that Sentieon would need to produce multiple versions of the DNAseq and TNseq products, as well as code for other licensed Sentieon products, and would also need to "identify specific lines of code that are potentially relevant." *See id.* ¶¶ 15-16, 18-19. However, given the discussion at the hearing, the Court understands that Invitae seeks a much more limited production of source code for a single representative version of only the DNAseq and TNseq products, and no Sentieon engineer would be required to identify relevant lines of code for Invitae. Nothing in Dr. Ye's declaration supports Sentieon's continued insistence during the hearing that even this limited production would require several weeks to make.

Finally, Sentieon indicated at the hearing that if it is required to produce source code, it intends to take full advantage of the protections afforded by the protective order. These protections include an opportunity to evaluate information about Invitae's expert to whom the source code will be disclosed. Dkt. No. 1-23 (Protective Order sec. 9.1). Sentieon says that Invitae has not disclosed any information regarding the expert Invitae proposes to have review Sentieon's source code, and Invitae concedes that this disclosure has not yet been made. While Invitae argues that Sentieon could have no legitimate objection to its expert and is merely stalling for time, nothing prevented Invitae from making the required disclosure at an earlier date. In any event, this particular matter was not briefed to the Court in connection with this dispute, and the Court cannot decide on the present record whether Invitae's expert should or should not be permitted to review Sentieon's source code.

The Court expects the parties to comply in good faith with section 9.3 of the protective order regarding the disclosure of Sentieon's source code to Invitae's expert. If Sentieon has objections, it shall communicate them promptly to Invitae and not deliberately delay such communication for seven business days simply because that is the time limit provided in section 9.3. Similarly, the Court expects the parties to confer promptly about any such objections, even though section 9.3 sets a limit of seven business days for such conference. Any disputes regarding Sentieon's objections to Invitae's proposed expert should be submitted to the undersigned as a

joint discovery letter brief (*see* Judge DeMarchi's Standing Order for Civil Cases Section 4)[2] and filed as soon as possible and without unnecessary delay. The Court will decide any such dispute on the basis of the letter brief without oral argument.

### B. Deposition

The Court agrees with Sentieon that the eight topics for deposition in Invitae's subpoena are too broad. However, the Court also agrees with Invitae that some deposition testimony of Sentieon is relevant and substantially necessary for Invitae's prosecution of its claims.

As an initial matter, and as discussed at the hearing, Sentieon's obligations to provide deposition testimony should be limited to the DNAseq and TNseq products used in the accused Natera product. Invitae may not obtain discovery more broadly with respect to "Sentieon products" or "Sentieon software." Moreover, to ensure that Invitae's deposition of Sentieon is properly focused on matters critical to Invitae's infringement claims and damages, the deposition time will be limited to 5 hours by Invitae on the record.[3]

## IV. CONCLUSION

For the reasons explained above, the Court grants Invitae's motion to compel as follows:

Sentieon shall make its source code available for inspection and copying by Invitae, pursuant to the protective order, by **December 13, 2022**. Sentieon's production may be limited to the source code for one representative version (e.g., the current version) of the DNAseq and TNseq products. Sentieon shall not delay getting its source code ready for inspection, even if it anticipates objections to Invitae's expert.

Sentieon shall make its corporate representative(s) available for deposition at a mutually agreeable date and time on the noticed topics, as narrowed by the Court above. The total deposition time shall not exceed 5 hours by Invitae on the record.

//

---

[2] Available at https://cand.uscourts.gov/judges/demarchi-virginia-vkd/

[3] If Sentieon's corporate representative is not adequately prepared, is not forthcoming, answers questions in a manner that unnecessarily delays the conduct of the deposition, or if Sentieon engages in any other behavior that interferes with Invitae's reasonable efforts to obtain responsive testimony, the Court will consider an application for additional deposition time.

**IT IS SO ORDERED.**

Dated: December 6, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge